## BANNING et v BALTIMORE & OHIO RAILROAD, CO et

Ohio Appeals, 1st Dist, Hamilton Co

Decided December 7, 1931

Pogue, Hoffheimer & Pogue and Oliver S. Bryant, Cincinnati, for plaintiffs in error.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for the Railroad Company.

Taft, Stettinius & Hollister, Cincinnati, for the Terminal Company.

## MILLER, Admr v SUBURBAN POWER COMPANY

Ohio Appeals, 5th Dist, Knox Co

Decided January 20, 1930

ROSS, PJ.

There is evidence that although plaintiffs' predecessors in title were compensated in full for the total destruction of access to the premises now in question, that owing to the fact that the piers of the viaduct did not on the surface of the ground entirely block the street, about nine feet of the street on the side abutting the plaintiffs' premises could be used as a thoroughfare.

The viaduct has now been removed in conformity to procedure under the plans to establish a railway terminal.

It is contended by the plaintiffs that the elimination of the viaduct revives plaintiffs' right to access upon the street, it being also asserted that plaintiffs and their predecessors at all times had access to the adjacent nine feet.

The plaintiffs' predecessors in title were fully compensated for **permanent total** destruction of access to Liberty Street. The plaintiffs cannot now maintain a similar action, the basis for which the same destruction of access to Liberty Street.

The fact that their predecessors in title were compensated for a complete barring of access, when in fact a nine foot way was left them, cannot now be subverted into a right which in fact was actually a gratuity.

Other considerations which would bring us to the same conclusion need not be mentioned in view of our determination of this phase of the case.

The issues are with the defendants, and a decree may be entered accordingly.

HAMILTON and CUSHING, JJ, concur.